BLD-049                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1137
_____

UNITED STATES OF AMERICA

v.

RUSSELL JOHNSON,
                                          Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-16-cr-00107-003)
District Judge:  Honorable Paul S. Diamond

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 22, 2021

Before: MCKEE, GREENAWAY, JR., and PORTER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 10, 2022)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Russell Johnson appeals the District Court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The Government has filed a motion for summary affirmance. Because the District Court did not err in determining that the § 3553(a) factors do not support release, we grant the Government's motion and will summarily affirm the District Court's judgment.

Johnson requested compassionate release as to a 12-year sentence that the District Court imposed on him for convictions for conspiracy to commit Hobbs Act robbery, three counts of Hobbs Act robbery, and using and carrying a firearm during and in relation to a crime of violence. He argued that the District Court should release him because he suffers from malignant prostate cancer, hypertension, anxiety, and high cholesterol, which place him at an increased danger from the COVID-19 pandemic.

The District Court denied the motion. See ECF No. 304. The Court first determined that, while Johnson did have prostate cancer, it did not constitute an extraordinary and compelling reason necessitating his release because Johnson had this condition at the time of his crimes and the BOP had managed the condition more effectively than Johnson had when he was not incarcerated. See id. at 2. The Court went on to determine that Johnson's "health problems, however serious, are more than outweighed by the § 3553(a) factors." Id. at 3. The Court explained that Johnson's crimes were violent and serious, he had served only about 40% of his sentence, and he remained a danger to the community. See id. Johnson appealed, and the Government has filed a motion for summary affirmance.

2

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's order for abuse of discretion. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). We may take summary action if "no substantial question is presented" by the appeal. 3d Cir. L.A.R. 27.4.

The District Court did not err here. The compassionate-release provision states that a district court "may reduce the term of imprisonment" and "impose a term of probation or supervised release" if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before granting compassionate release, a district court must consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." § 3582(c)(1)(A). Those factors include, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1), and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "to afford adequate deterrence to criminal conduct"; and "to protect the public from further crimes of the defendant," § 3553(a)(2)(A)–(C).

The District Court did not abuse its discretion in ruling that the § 3553(a) factors weighed against granting compassionate release.[1] It was reasonable for the Court to conclude that the substantial time remaining to be served on Johnson's sentence, see Pawlowski, 967 F.3d at 331, the seriousness of his offenses of conviction, and his

---

[1] Based on this conclusion, we need not address whether Johnson asserted "extraordinary and compelling reasons" under the statute. 18 U.S.C. § 3582(c)(1)(A)(i).

3

extensive criminal history (including prior convictions for armed robbery, theft, and fraud) militated against release. We therefore do not have "a definite and firm conviction that [the District Court] committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Id. at 330 (alteration omitted) (quoting Oddi v. Ford Motor Co., 234 F.3d 136, 146 (3d Cir. 2000)).

Accordingly, because Johnson's appeal presents no substantial question, we grant the Government's motion for summary action and will summarily affirm the District Court's judgment.[2]

---

[2] We also grant the Government's requests to file the motion for summary action at the time it did and to be relieved of its obligation to file a brief.